[S. F. No. 147.   Department One.—December 23, 1895.]

# ESTATE OF MARY DELANEY, DECEASED.   MARY A. McCURRIE, APPELLANT, v. E. J. DELANEY, EXECUTOR, ETC. RESPONDENT.

ESTATES OF DECEASED PERSONS — COMMISSIONS OF EXECUTOR — VALUE OF LITIGATED LAND NOT BELONGING TO ESTATE.—An executor cannot be allowed a claim for commissions upon lands, though included in the inventory of the estate, which were at that time involved in litigation, wherein a final judgment was subsequently rendered adverse to the estate.

ID.—ADDITIONAL ALLOWANCE.—The commissions which the statute authorizes to be allowed an executor, is the compensation fixed by law for his care of the property belonging to the estate, and the court is not authorized to make any additional allowance, without a petition therefor showing the rendition of extraordinary services.

ID.—EXCESS OF CLAIM LESS THAN THREE HUNDRED DOLLARS—APPELLATE JURISDICTION—ORDER SETTLING EXECUTOR'S ACCOUNT.—The fact that the share of the commissions in excess of the amount which should have been allowed is less than three hundred dollars, cannot defeat the appellate jurisdiction of the supreme court, which has jurisdiction in all such probate matters as may be provided by law, and is authorized to entertain an appeal from an order settling the account of an executor, irrespective of the amount involved.

ID.—APPEALABLE ORDERS—ORDER SETTLING ACCOUNT—DECREE OF DISTRIBUTION—UNION OF ORDERS.—An order settling an account, as well as a decree of distribution, is appealable, and the right of appeal from either of these orders is not affected by the fact that both of the orders were made at the same time, and included in the same paper under one signature of the judge.

ID —DISMISSAL—SERVICE OF NOTICE OF APPEAL.—The appeal from the order settling the account will not be dismissed because the notice of appeal therefrom was not served upon any other party than the executor; and where the order settling the account is reversed, it necessarily vacates the decree of distribution, and, in such case, the appeal from the decree will not be dismissed for failure to serve the notice of appeal upon one of the distributees named in the decree of distribution.

APPEAL from orders of the Superior Court of the City and County of San Francisco settling the final account of an executor and decreeing distribution of the estate of a decedent.   J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*F. L. Castelhun*, for Appellant.

*Sawyer & Burnett*, and *Nicholas Bowden*, for Respondent.

Harrison, J.—The executor of the last will of Mary Delaney, deceased, presented his final account to the court for settlement and allowance, and, at the same time, petitioned for the distribution of the estate. In his account he included a claim for commissions upon two parcels of land which had been included in the inventory of the estate, but which were at that time involved in litigation wherein a judgment was subsequently rendered adverse to the estate. The appellant, who is one of the heirs, contested this item of the account, but her objections were overruled, and the court settled the account, allowing the executor commissions upon this land, and thereupon made a decree of final distribution. This appeal is taken by her from the order settling the account, and also from the decree of distribution.

These two parcels of land form a portion of Lafayette square, in the city and county of San Francisco, and were in the possession of the deceased at the time of her death, and were afterward taken into possession by the executor, and cared for by him during his administration of the estate. He was allowed for all the expense incurred in thus caring for the property, and was also allowed commissions upon the income received therefrom. It was shown at the hearing that the land was a portion of that included in the action of *San Francisco v. Mooney*, 106 Cal. 586, for the recovery of Lafayette square, and that at the time the court made the order appealed from judgment had been rendered therein in favor of the city and county, and that an appeal therefrom was then pending. This judgment was subsequently affirmed by this court. (*San Francisco v. Mooney, supra.*) This land had been originally appraised at thirty-nine thousand two hundred dollars, and when the account came up for settlement, and the

appellant objected to any allowance of commissions upon its valuation, the court ordered a reappraisement, and, upon such reappraisement, the land was valued at one hundred and nine thousand two hundred dollars, "upon condition that the estate has title to the same." The record does not show at what time this reappraisement was made, or that any further proceedings were had upon the final account until after the filing of the supplemental account. The final account was filed March 30, 1892, and the objections thereto were filed in April, 1892. The supplemental account was filed in November, 1894, and when these accounts were again brought on for settlement the appellant renewed her objections to the allowance of commissions upon this amount, but her objections were overruled.

We are of the opinion that the court erred in allowing the executor commissions upon the value of these two parcels of land. They were a portion of a public square in the city and county of San Francisco, and delineated as such upon the official maps of said city and county, and presumptively were not susceptible of private ownership. The litigation over this square was a matter of public notoriety, and, at the time the order appealed from was made, it had been judicially determined that the city was entitled to its possession. It is not shown by the record upon what basis the allowance of commissions upon this land was fixed by this court, the order settling the account in this respect being: "Said executor should be allowed the sum of fourteen hundred and eighty-seven dollars and fifty cents, as commissions on the estate accounted for by him in said final account, and as compensation for the care of the property belonging to and claimed by said estate." The commissions which the statute authorizes to be allowed an executor, is the compensation fixed by law for his care of the property belonging to the estate, and the court is not authorized to make any additional allowance, unless he shall have petitioned for an allowance therefor, and shown that he has rendered some extra-

ordinary service. - (*Estate of Moore*, 96 Cal. 522.) As there is no claim by the executor in the present case that he had rendered any extraordinary service, the order of the court, in awarding him the above amount of commissions, must be construed to be as his compensation for caring for the property belonging to the estate; and, to the extent that it is in excess of the statutory percentage upon the estate that he has accounted for, it is erroneous.

The executor is to be allowed commissions upon the amount of the estate "accounted for" by him (Code Civ. Proc., sec. 1618), and in *Estate of Ricaud*, 70 Cal. 69, this phrase was construed as entitling him to commissions upon only such property as belonged to the estate, and for which he would be chargeable in his account. In that case the executors took possession of certain real estate which was held by the testator at the time of his death, and defended an action which was then pending for its recovery; and, when judgment had been rendered against them for its possession, surrendered the same. To their claim for commissions upon the appraised value of the land the court said: "The land itself did not belong to the estate. It was, therefore, no part of its assets, and its value did not form any part of the value of the estate in the possession of the executors for which they were chargeable. Therefore, as it was not legally included in the value of the estate taken into their possession and for which they had to account, they were not entitled to commissions upon it." The reasoning of the court in that case is fully applicable to the present. The only interest of the estate in the land was that of possession, and the judgment of the superior court, that the title to the land was in the city and county, should have been recognized by the court as a reason for disallowing any commissions thereon. The effect of the judgment was to determine that the estate had no title to the land, and, consequently, it did not constitute a portion of the estate to be accounted for by the executor. Although

the judgment had been appealed from, there was no presumption that it would be reversed, and, if it should be affirmed, it could be enforced at any time. It was immaterial that the executor had not surrendered possession of the land. If he had surrendered it upon the entry of judgment, it would not be contended that he should have been allowed commissions upon its value, and, whether he surrenders it before or after the settlement of his account, it is equally evident that it does not constitute a portion of the estate accounted for by him. The fact that the property was in litigation might have been a reason for the court, in the exercise of its discretion, to delay a settlement of the account until the litigation should be determined, but, if the executor would have his account settled at that time and under those circumstances, the court was not authorized to allow him commissions upon the valuation of property which had been determined not to belong to the estate.

The respondent urges that, inasmuch as the appellant's share of these commissions, if they had been disallowed, is less than three hundred dollars, the appeal cannot be entertained. The constitution, however, gives to this court appellate jurisdiction " in all such probate matters as may be provided by law," and the legislature has authorized an appeal from an order " settling an account of an executor," irrespective of the amount involved. (Code Civ. Proc., sec. 963.)

A motion was made by the respondent to dismiss the appeal for failure to serve the notice of appeal upon one of the distributees named in the decree of distribution. This appeal is, however, taken from the order settling the account, as well as from the decree of distribution. Each of these orders is appealable, and, although both were made at the same time, and are included in the same paper under one signature of the judge, the right of appeal from either is not affected thereby. Upon the appeal from the order settling the account the executor was the only adverse party upon whom it was necessary to serve the notice of appeal. As the reversal of the

order settling the account necessarily vacates the decree of distribution, it is unnecessary to determine whether the appeal from that decree has been properly taken.

The orders appealed from are reversed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Modification of judgment denied.