[No. 2542. Decided October 5, 1897.]

# In the Matter of the Estate of *Diana B. C. W. Sour, Deceased:* JULIUS HORTON, *as Administrator, Respondent,* v. R. W. BARTO, *Appellant.*

APPEALABLE ORDER — RECORD — COMPENSATION OF ADMINISTRATOR — COMMISSION ON VALUE OF REAL ESTATE — DISTRIBUTION — LIEN ON ESTATE FOR COMMISSION.

An order fixing the compensation of an administrator of a decedent's estate is a final one, within the meaning of the statute authorizing appeals (Laws 1893, p. 119, § 1).

Where a hearing is had upon the final account of an administrator and the exceptions thereto, no formal findings of fact are necessary, but the order of the court sustaining certain of the exceptions and disallowing others is sufficient to present the questions raised.

Under Code Proc., § 956, authorizing an administrator to take possession of and care for the real and personal estate of a decedent, and Code Proc., §1056, providing for a commission to the administrator on the whole estate accounted for by him, according to a percentage of the money value, an administrator, upon final accounting, is entitled to a commission upon the unsold realty of the estate according to its actual value at the time of accounting, and not according to its appraised value as inventoried.

A court has no authority to make a decree of distribution of real estate subject to a lien in favor of the administrator for his commissions.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge. Reversed.

*Alex. R. Jones,* and *Blaine & De Vries,* for appellant.

*John G. Barnes,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This is an appeal from an order settling the final account of an administrator, the questions in con-

troversy being over the allowance of a commission on the appraised value of the unsold real estate, and the power of the court to direct a distribution of it, subject to a lien for such charges. Preliminary to a consideration of the case upon its merits, the respondent moves to dismiss the appeal, on the ground that the order was not one from which an appeal could be taken. But it seems to us that, under the settled practice of this court, the order fixing the compensation of the administrator was final within the meaning of the statute authorizing appeals. It determined the controversy as to such compensation.

The motion to dismiss is denied.

Respondent also moves to strike the brief of appellant, for the reason that the findings of fact and exceptions thereto are not printed therein, and objects to the hearing of certain questions presented on the ground that no exceptions were taken thereto. But it appears that the hearing was had upon the final acount of the administrator and exceptions taken thereto, and the order of the court sustained certain of the exceptions and disallowed others. This was sufficient to present the questions raised, and was a substantial complance with the statutes and rules of the court, no formal findings of fact being necessary under such circumstances.

We are of the opinion that the claim of appellant that the administrator is not entitled to any compensation upon the unsold real estate is not well taken. Our statutes relating thereto are not entirely clear; but it is provided in § 956, vol. 2 of the code, that the executor or administrator shall take possession of all the real as well as personal estate of the deceased, and receive the rents and profits of the same, and keep in tenantable repair all houses, buildings and fixtures thereon, which are under his control. Thus the duty of taking possession of and caring for the estate real

and personal, other than such as should be set aside for the widow or minor child, under § 972 of the code, is imposed upon him, and there seems to be no provision for allowing him any compensation therefor, unless it is contained in § 1056; and while this section speaks of a percentage on money, it should be held to include the value of the real estate placed in the custody and control of the administrator. If this were not so, and the estate consisted of unproductive lands with only enough personal property to cover the expenses of administration, so that no sale of any of the lands should become necessary, the administrator would be entitled to little or no compensation in caring for the estate, as his compensation, based upon the value of such personal property, would be but trifling. It might be that the duties in looking after such real estate, especially if it should be improved, would be somewhat onerous, and it is evidently not the intention of the law that these services imposed by the statute should be performed gratuitously.

Nor are our statutory provisions clear with reference to the further question as to whether such compensation must be based upon the appraised value of the real estate, or upon its actual value at the time of the accounting. Section 1051 provides that every executor or administrator shall be chargeable in his accounts with the whole estate of the deceased which may come into his possession at the value of the appraisement contained in the inventory, except as specified in other sections which provide that he shall not make a profit by the increase, nor suffer loss by the decrease or destruction, without his fault, of any part of the estate; and that he shall be accountable for the excess when the property is sold and brings more than the appraisement. Section 1056 provides for a commission on the whole estate accounted for by him, according to a

percentage of the money value, with the provision for a further allowance for extraordinary services not required in the common course of duty. In this case the appraised value of the real estate was over $34,000; while it is contended that the actual value at the time of the settlement was not to exceed $11,000. The lower court allowed a commission upon the appraised value, holding that the same was arbitrarily fixed by the statutes. But it seems to us that the appraisement was not intended to fix anything more than a *prima facie* value, which should stand if unquestioned. This is evidenced by the fact that the other sections of the code referred to provide that the administrator shall account for any excess over the appraised value in case of a sale, and shall not be liable for any loss, where the same occurs without his fault; and our attention has been called to no case deciding that the appraised value is conclusive. But there are many cases holding that the appraisement is only *prima facie* evidence of the value of the estate. *Merrill v. Moore's Heirs*, 40 Am. Dec. 60; *Estate of Simmons*, 43 Cal. 543; *In Re Delaney*, 110 Cal. 563 (42 Pac. 981); *Grant v. Reese*, 94 N. C. 720; *Evans v. Iglehart*, 6 Gill & J. 171; *Hoover v. Miller*, 6 Jones Law, 79; *Estate of Hinckley*, 58 Cal. 457, 516; *Merchant v. Comback*, 39 N. J. Eq. 506 (7 Atl. 633); 2 Woerner, American Law of Administration, §§510, 522.

We are of the opinion that the amount of the compensation should be fixed upon the value of the estate at the time of the settlement, the appraised valuation being disputed.

Furthermore, the court clearly has no authority to decree a distribution of the real estate subject to a lien for the fees of the administrator. In the settlement of the

estate this claim should be satisfied, and the estate distributed free from any lien therefor.

Reversed and remanded for further proceedings.

REAVIS, ANDERS and DUNBAR, JJ., concur.