## MARKS v. EVANS et al.

### S. F. No. 2173; August 2, 1900.

#### 62 Pac. 76.

**Limitation of Actions—Fraud—Corporate Transactions.—Code of Civil Procedure**, section 338, provides that actions for relief on the ground of fraud must be commenced within three years after discovery thereof. A complaint in a suit commenced in 1898 alleged that a corporation's directors conspired to defraud plaintiff, and accordingly sold him considerable capital stock; that in 1888 they levied an assessment on the stock without necessity, and sold his stock in payment thereof; that in 1889 plaintiff commenced an action to set aside the assessment and sale thereunder, which suit was afterward compromised. Held, that the action was barred, since eight years had expired since the fraud was discovered.

**Limitation of Actions—Fraud—Corporate Transactions.—The Fact That a Complainant** in a suit against a corporation's directors for fraudulently selling capital stock alleged that the directors afterward appropriated the corporation's property did not prevent the statute of limitations from running from the time that the sale was discovered, since the sale was the gravamen of the action.

**Limitation of Actions—Fraud—Corporate Transactions.—Where Plaintiff Knew** that a corporation's directors had fraudulently assessed his stock, and sold the same under the assessment, his failure to discover other frauds perpetrated by them, without seeking to inspect the corporation's books, did not delay the running of limitations, since he would be presumed to know all that reasonable diligence would have disclosed to him.[1]

APPEAL from Superior Court, City and County of San Francisco.

[1] Cited and followed in Smith v. Martin, 135 Cal. 255, 67 Pac. 782, where the plaintiff's grievance was fraudulently inducing him to buy invalid stock, and the complaint showed knowledge of the facts had by him for almost three years before his instituting action.

Suit for accounting by Thomas Marks against Thomas R. Evans and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Henry E. Highton for appellant; Beverley L. Hodghead for respondents.

GRAY, C.—In this case the court below sustained a demurrer to the complaint, without leave to amend, and dismissed the case. Plaintiff appealed from the judgment of dismissal.

The complaint alleges, in substance, that in or about the month of January, 1883, the plaintiff was, and ever since has been, uneducated, and of a credulous, confiding disposition; that one John Dunn and the defendants Evans and Rodda were acute business men, friends among themselves, and the intimate friends of the plaintiff; that in or about said month last aforesaid the defendants last named and said John Dunn entered into a conspiracy among themselves to cheat and defraud plaintiff, and that in pursuance of said conspiracy they induced him by false and fraudulent representations to subscribe for stock, and put between four and five thousand dollars into a corporation named the San Francisco Fuse Manufacturing Company, which they had formed for the express purpose of receiving the plaintiff's said money, and·with the view of subsequently cheating him out of it and acquiring it to their own use; that in 1884, in pursuance of their said conspiracy, the said John Dunn and said defendants Evans and Rodda, being in control of the said corporation, the San Francisco Fuse Manufacturing Company, fraudulently conferred upon themselves salaries ranging from fifty to a hundred dollars per month, and the following year increased the same to from one hundred to one hundred and fifty dollars per month; that the said corporation prospered to such an extent that on the fifth day of September, 1888, it had on hand and under the control of the said John Dunn and said defendants not less than nine or ten thousand dollars in gold coin, together with other property of the value of ten thousand dollars, and was out of debt, except a few hundred dollars; that on the last-mentioned date, in furtherance of the said aforesaid conspiracy, and that they might fraudulently acquire the shares of stock owned by plaintiff in said corporation, the said

defendants Evans and Rodda and said John Dunn, acting as directors of said corporation, without any necessity therefor, in form levied an assessment upon the capital stock of said corporation, and when the said assessment had become delinquent in form, in the manner then prescribed by law, they undertook to, and in form did, sell defendants' said stock, and at said sale said defendants were themselves the purchasers of said stock at a nominal price; that on the tenth day of December, 1888, said defendants, as such directors, undertook to convey, and did in form convey, in the name of said corporation, all the real estate and improvements belonging to said corporation to the defendant Thomas R. Evans, but in truth and fact in a secret trust for the benefit of said defendants Evans and Rodda and said John Dunn; that thereafter in the same month the said parties last named filed a petition for the disincorporation of said corporation; "that on or about the date last aforesaid, knowing as he did of the sale of his stock as hereinabove alleged, and of the conveyance to the defendant Thomas R. Evans, and of the filing of the petition for disincorporation aforesaid, the plaintiff realized and believed that he had not been treated fairly or justly by the said John Dunn and by the defendants Thomas R. Evans and John Rodda, but had a very imperfect and insufficient knowledge of the facts then existing and hereinabove alleged, and which have induced him to commence this suit." The complaint then alleges that in 1889 the plaintiff and one Burnham, another stockholder in said corporation, as plaintiffs, commenced a suit against said corporation, said Rodda, Dunn and Evans, and John Bryant, George Comstock and David F. Macy, as defendants therein. Said suit was commenced for the benefit of said corporation by said named plaintiffs, as stockholders therein, and the object thereof was to set aside the fraudulent assessment aforesaid, and all sales thereunder, and to recover from the defendants therein $3,450, claimed to be the aggregate of the salaries which the defendants had fraudulently conferred upon themselves and appropriated as hereinabove set forth, and to set aside the conveyance to the defendant Evans as above mentioned. The complaint then alleges that said suit was mainly conducted and managed through the coplaintiff therein, said Burnham, and individually the plaintiff herein had scarcely any knowledge thereof, beyond the fact that he was a plaintiff therein,

and that the suit was intended to accomplish the purposes hereinabove expressed; that plaintiff then did not know of what the secret trust referred to in said complaint consisted, and had no knowledge or means of knowledge of the value of the property or amount of money then or since or now belonging to the said corporation and converted to the use of the said Evans, Rodda and Dunn, but such knowledge has been acquired by plaintiff within the last three years prior to the commencement of the present suit. A copy of the complaint in the above-mentioned suit is attached to and made part of the complaint herein, as an exhibit. An indorsement on said complaint shows that it was filed and the action begun February 5, 1889, and it sets forth substantially the same allegations that are contained in the complaint herein and are hereinbefore recited, the only difference being that the date of the conspiracy to defraud plaintiff as alleged in this action was prior to the plaintiff taking stock in the corporation, but in the action commenced in 1889 the said conspiracy is alleged to have been entered into in 1888, about the time of, or just prior to, the time of levying the assessment and selling plaintiff's stock.

There are some other slight differences between the allegations of the complaint in said action begun in 1889 and the allegations of the complaint in the present action hereinbefore set forth, but the general scope and purpose of the said action begun in 1889 are covered by the complaint in the present case. Besides a prayer for general relief, the said complaint filed in 1889 prayed for judgment against said John Dunn, Rodda and Evans for $3,450 and interest, and that the sale of the property of the said corporation made December 10, 1888, be decreed to be void and of no effect. It also appears from the exhibits attached to and made part of the complaint herein that the complaint in the said action of 1889 was duly verified by the oath of the plaintiff Thomas Marks; that an answer to said complaint was filed, and thereafter a stipulation was entered into between the parties to that action to the effect that their differences had been adjusted and settled, and the case might be dismissed and discontinued so far as the plaintiff Marks was concerned. This stipulation was signed by said Marks and his attorneys in that action, and the complaint herein alleges that the suit was dismissed in pursuance of said stipulation, and a similar one

on the part of the coplaintiff Burnham on or about the first
day of May, 1894, and that such stipulation was the result of
a compromise between plaintiff, on the one hand, and said
John Dunn and defendants Evans and Rodda, on the other,
in which said plaintiff received $700, and executed some kind
of a paper, the nature of which he never understood, but sup-
poses it to have been a release in form; that plaintiff had very
little participation in the matter of said compromise, but the
same was carried out by the attorneys of the respective par-
ties, and the consent of plaintiff thereto was obtained through
his ignorance of essential facts touching the value of the prop-
erty belonging to the corporation, and his interest therein,
and through the influence on him of the said John Dunn
and defendants Evans and Rodda, and their representations
that the enterprise in which they were engaged had virtually
collapsed, and leading plaintiff to believe that the money he
had invested was practically lost; that immediately after the
dismissal of said suit the said John Dunn and defendants
Evans and Rodda divided between themselves, without plain-
tiff's consent, all the money on hand belonging to said cor-
poration, amounting to nine or ten thousand dollars, or there-
abouts, and furthermore held the title and possession of the
property of the corporation in common, and in the proportion
of one-third to each of them; that the defendant Evans, on or
about the twelfth day of December, 1888, deeded to said John
Dunn an undivided one-quarter interest in the property of
said corporation, and that thereafter, on or about the twenty-
fourth day of August, 1895, the said John Dunn died, and
the defendant Ann Dunn, his widow, was duly appointed
administratrix of his estate, and the interest of the said Dunn,
deceased, in the said property was thereafter set apart to said
widow, who thence hitherto has possessed and held said in-
terest.   The complaint then goes on to state that in the month
of June, 1887, the real estate and improvements of said cor-
poration were leased to another corporation, one of the de-
fendants herein, the California Fuse Association, for $300
per month, and that the import of said lease was that for said
$300 per month the said San Francisco Fuse Manufacturing
Company should refrain from the business of manufacturing
fuse, and that said lease was to terminate on six months'
notice; that plaintiff understood from the representations of
said John Dunn and the defendants Evans and Rodda that

said lease was terminated and brought to an end about one year after its commencement, on or about June, 1888, but plaintiff alleges on his information and belief that ever since June, 1888, and down to the time of the commencement of this action, to avoid competition the said California Fuse Association has regularly paid to said John Dunn in his lifetime, and to said Ann Dunn since his death, and to defendants Evans and Rodda, the said sum of $300 per month, which they have divided among themselves; that plaintiff has only discovered the facts alleged in connection with said leasing "within the past year and a half, or thereabouts, and has discovered the fact hereinabove alleged, that September 5, A. D. 1888, and thereafter down to and including the period of the disincorporation as aforesaid of the San Francisco Fuse Manufacturing Company, its property and assets, including the process aforesaid, were of the value of forty thousand (40,000) dollars, within three years next preceding the filing of this complaint." It is stated in the complaint, with some reiteration, that the various acts of said Dunn and defendants Evans and Rodda complained of were done and performed in pursuance of the aforesaid conspiracy to cheat and defraud plaintiff, and "that by reason of the premises, and through the fraud, combination, conspiracy and confederation in this complaint alleged, the defendants Ann Dunn, Thomas R. Evans and John Rodda have fraudulently and illegally acquired the money and property aforesaid, to the aggregate amount of ninety-six thousand (96,000) dollars, or thereabouts, one-fourth of which, or twenty-four thousand dollars or thereabouts, belonged to the plaintiff, and have converted the same to their own use." The prayer of the complaint is for an accounting, and that plaintiff recover one-fourth of all the money so fraudulently received by defendants and one-fourth of the real property and improvements described in the complaint, and that the California Fuse Association be enjoined from paying to the other defendants, and that they be enjoined from receiving, the said $300 per month.

The foregoing summary, though not containing all of the complaint, is sufficient to illustrate the point upon which the case seems to turn.

The demurrer to the complaint states numerous grounds, and among them we find the following: "That the complaint

does not state facts sufficient to constitute a cause of action.''
''The said complaint shows that the plaintiff's claim is stale,
and that plaintiff has been guilty of laches in the prosecution
of the said claim.'' Several sections of the statute of limita-
tions are pleaded in the demurrer, and among them section
338 of the Code of Civil Procedure, providing that an action
for relief on the ground of fraud must be commenced within
three years after the discovery of the facts constituting such
fraud. We think all three of the grounds of demurrer above
stated are well taken, and that the demurrer was therefore
properly sustained. This action was commenced July 15,
1898. The complaint verified by plaintiff and filed by him
February 5, 1889, and made a part of the complaint herein,
shows that plaintiff on the last-mentioned date had full
knowledge of the previous sale of his stock in the corporation,
and of the fraudulent purpose for which it was so sold.
Upon the invalidity of that sale depends the right of plain-
tiff to recover on account of any of the alleged loss and dam-
age suffered by him subsequent thereto. If that sale was
valid, plaintiff, being no longer a stockholder, had no further
interest in the corporation, or right to share in its profits or
property. Eight years before the commencement of the
present action, plaintiff knew of that sale, and the fraudulent
purposes connected therewith. He also knew at the same time
of the alleged fraudulent sale of the property of the corpora-
tion. Inasmuch as a recovery can be had by plaintiff only on
the theory that the sale of his stock was fraudulent, and
should therefore be set aside or disregarded, he should have
brought his action to have that matter adjudicated within the
time allowed by law for such an action after the discovery of
the act and its fraudulent purpose. The fact that suit was
begun in 1889 and compromised and dismissed in May, 1894,
more than four years before the commencement of the present
action, cannot have the effect to avoid the statute of limita-
tions applicable to the case. Nor can the fact that in the
complaint the plaintiff alleges various matters of loss, injury
and damage suffered by him from time to time down to the
commencement of the present action obviate the bar of the
statute. The prime cause of all these losses was the sale of
his stock in pursuance of the alleged conspiracy, and his con-
sequent exclusion from the corporation and the profits
thereof. This was the gravamen of the action, and the

statute, we repeat, runs from the date of the discovery of the fraudulent purpose of that sale.

As to the alleged frauds and injuries from which plaintiff suffered prior to being sold out of the corporation, some of which are alleged to have been discovered even as late as within a year and a half before the commencement of this action, the knowledge which plaintiff confessed to in 1889 was sufficient to put him upon inquiry as to those alleged frauds and injuries. There is nothing in the complaint to show the exercise of any diligence, either by himself or through the legal advisers which he had in the suit of 1889, to discover to what extent he had been defrauded. It does not appear that defendants tried in any way to conceal the affairs of the corporation. While plaintiff pleads want of information on many subjects, he says little or nothing as to any misrepresentations or concealment on the part of defendants. It does not even appear that access to the books of the corporation was denied to plaintiff, except just previous to the commencement of the present suit; nor does it appear that plaintiff or the attorneys who represented him in the suit of 1889 ever sought to inspect these books, or in any other way ascertain what the corporation was doing. In such a case as this, where he has once discovered enough to put him upon his guard, plaintiff is deemed to have had notice of everything that he might have discovered by the use of reasonable diligence. In Truett v. Onderdonk, 120 Cal. 581, 53 Pac. 26—opinion by Van Fleet, J.—it is said: "Equity abhors a stale claim, and it was incumbent upon plaintiff to show facts excusing his long delay in asserting the fraud. It is not enough to assert merely that the discovery was not sooner made. It must appear that it could not have been made by the exercise of reasonable diligence. And all that reasonable diligence would have disclosed plaintiff is presumed to have known, means of knowledge in such a case being the equivalent of the knowledge which it would have produced." To the same effect are the cases of Robertson v. Burrell, 110 Cal. 567, 42 Pac. 1086, and Lady Washington Consolidated Co. v. Wood, 113 Cal. 482, 45 Pac. 809.

The demurrer having been properly sustained on the grounds of laches and the statute of limitations, it is unnecessary to notice the other grounds. The complaint was verified, and it would seem from an examination of it that it

could not be amended so as to obviate the objections raised to it by the demurrer; and, besides, there was no application to amend: Robertson v. Burrell, 110 Cal. 567–579, 42 Pac. 1086; Smith v. Water Co., 14 Cal. 202. There is therefore no ground of reversal in the court's action in sustaining the demurrer without leave to amend and dismissing the action. The judgment should be affirmed.

We concur: Chipman, C.; Smith, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.