(October 13, 1917.)

MILFORD WILLIAMS, Respondent, v. JOHN SHROPE, FANNIE SHROPE and BRENNAN & DAVIS, Copartners, Appellants.

[168 Pac. 162.]

MORTGAGE FORECLOSURE—FRAUD—STATUTE OF LIMITATIONS.

1. A cause of action for fraud and misrepresentation is barred in three years from the discovery thereof.

2. A knowledge of such facts as would put a reasonably prudent person upon inquiry is equivalent to a knowledge of the fraud and will start the running of the statute.

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. J. J. Guheen, Judge.

Action for foreclosure of mortgage. Judgment for plaintiff. *Affirmed.*

John A. Bagley, for Appellants, cites no authorities on points decided.

A. B. Gough and D. C. Kunz, for Respondent.

The defense and cross-action is for a rescission of the contract of sale. In such an action it must appear from the allegations that the party seeking to rescind is not guilty of laches. He must have acted promptly and without delay, otherwise a ratification is presumed. (Elliott on Contracts, secs. 2430, 2431; *Breshears v. Callender,* 23 Ida. 349, 131 Pac. 15.)

An action for relief on the ground of fraud must be commenced within three years after the commission of the fraud or the discovery thereof. (Sec. 4054 (4), Rev. Codes.)

An irrigation district is a public corporation, and all of the inhabitants thereof are chargeable with notice. (*Little Willow Irr. Dist. v. Haynes,* 24 Ida. 317, 133 Pac. 905.)

COWEN, District Judge.—This action was commenced by the respondent, Williams, to foreclose a mortgage given him by the appellants, John Shrope and wife, as security for the payment of a note for the sum of $1,750, dated July 26, 1910, and due in three years from date. The complaint was filed January 9, 1915. The appellants filed answer to the complaint in foreclosure July 12, 1915, wherein they admit the execution of the note and mortgage, but allege that the same were given as the balance due upon the purchase price of the land described in the mortgage. They allege that the respondent sold the lands in question to them in July, 1910, for the agreed purchase price of $2,700, they paying the sum of $1,000 in cash therefor, and giving the note and mortgage for the balance.

The appellants then allege that their purchase of the lands was induced by false and fraudulent representations on the part of the respondent in guaranteeing and representing the lands to be free and clear of liens and encumbrances, when, as a matter of fact, they allege the same were in an irrigation district which then had a bonded indebtedness existing against it of $98,000, which, they say, was not shown on the abstract of the lands furnished them and of which fact they had no knowledge at the time of the sale. They further state that they discovered the fact in 1913, and thereupon tendered the return of the lands and demanded that the note and mortgage be canceled and their $1,000 restored to them. They then reallege the foregoing facts by way of cross-complaint and pray for judgment against the respondent for $1,000 and interest and for such cancelation, and set up a second cross-action for $350 for improvements made upon the lands; also a third cross-action for the sum of $26.65. They allege they paid to the irrigation district the sum of $26.65, which was a "lien and encumbrance on this land by reason of its being in said district, to pay interest on said bonds and pay expenses of the district."

The respondent demurred to the answer and cross-complaint on the ground, among others, that the defense pleaded

therein was barred by the provisions of subd. 4, sec. 4054, Rev. Codes, relating to the limitation of actions. The demurrer was sustained by the court, and, the defendants declining to plead further, the evidence was submitted and a decree of foreclosure thereupon entered, from which the defendants Shrope appeal to this court and assign as error the action of the court in sustaining the demurrer.

Assuming that the answer and cross-complaint were sufficient in form and substance to support the defense of fraud in the original sale (matters which this court does not directly pass upon because not necessary here), the only question to be passed upon is: Was the defense interposed in time or was it barred by the statute? The action based upon fraud must be commenced within three years from its discovery or it is barred. The appellants allege they discovered the fraud in 1913, but they do not negative a prior discovery in their pleading. There is nothing in their answer or cross-complaint showing that this was the first time the matter was called to their attention. But they do allege that on August 26, 1911, they paid an assessment to the irrigation district to pay interest on bonds and expenses of the district. Here, then, there was knowledge that they were included within the district and were being taxed to pay the district's bonded indebtedness. The fraud, if any existed, was brought home to them on August 26, 1911. They cannot be heard to say, after such fact is brought home to them, that they still did not know of the fraud, because knowledge of such facts as would put them upon inquiry is equivalent to knowledge of the fraud. (29 Cyc. 1114; *Truett v. Onderdonk,* 120 Cal. 581, 53 Pac. 26; *Marks v. Evans,* 6 Cal. Unrep. 505, 62 Pac. 76; *Robertson v. Burrell,* 110 Cal. 568, 42 Pac. 1086; *Lady Washington C. Co. v. Wood,* 113 Cal. 482, 45 Pac. 809.)

We conclude, therefore, from the facts alleged in this answer and cross-complaint that the statute of limitations would commence to run on the cause of defense of the appellants on August 26, 1911, and that such would be barred August 26, 1914, nearly a year prior to the filing of the answer, and that

the action of the trial court in sustaining the demurrer was proper.

The judgment is affirmed, with costs to respondent as against the appellant John Shrope.

Morgan and Rice, JJ., concur.