[No. 24826. Department One. December 19, 1933.]

J. C. Von Herberg, *Respondent*, v. George Nelson, *Appellant*.[1]

*Edwin H. Flick* and *Herald A. O'Neill*, for appellant.

*Jay C. Allen* and *Charles R. Carey*, for respondent.

Beals, C. J.—In his complaint, plaintiff alleged the existence of a partnership between himself and defendant, and that the partnership had performed under contract a large amount of work for the city of Seattle. Plaintiff further alleged that he had requested of defendant access to the books of the copartnership, and that such access had been refused him. Finally, he set forth in his complaint that the partnership had earned a large profit, to a share of which he was entitled. He prayed for an accounting and for judgment for one-half of the net earnings of the partnership on the contracts mentioned in his complaint.

The issues were apparently made up and consider-

[1]Reported in 27 P. (2d) 1103.

able evidence taken, whereupon the court entered the following order:

"This matter having heretofore come on for trial, the plaintiff appearing in person and by his attorney Jay C. Allen, Esq., and the defendant in person and by his attorney E. H. Flick, the matter was called; whereupon it was agreed between the plaintiff and the defendant *as shown by the record* that the court should first determine when the plaintiff and the defendant were copartners in the performance of the contract between the defendant George Nelson, and the city of Seattle, for the Improvement of Division No. 1 and No. 2 of West Hanford Street et al. under ordinance No. 54960, Local Improvement District No. 4751, which contract was awarded to the defendant George Nelson on or about the 10th day of August, 1928, and that if the court should hold that the plaintiff was a partner with the defendant in the carrying out and performance of the said contract, then that the matter was one that should be referred to a referee to take an account for the reason that the accounting would consume such time as to make it impracticable for the court to hear and determine it; thereupon the court announced that such would be the procedure.

"WHEREUPON, the plaintiff and the defendant offered and introduced their proofs and the court having heard the same, arguments of counsel, and being fully advised did announce its oral opinion; thereafter the defendant did move the court for a new trial, and with the court's permission, the plaintiff and the defendant did reargue said matter, and the court being fully advised did render its memorandum opinion, which said memorandum opinion is hereby referred to; and the court now being fully advised, it is

"ORDERED, CONSIDERED AND ADJUDGED, that on or about September 21, 1928, a copartnership consisting of J. G. von Herberg and George Nelson came into being, which copartnership was to and did prosecute the contracts with the city of Seattle involving West Hanford Street under Ordinance No. 54960 and the regrading of Denny Hill under Ordinance No. 55594; it is further

"ORDERED, ADJUDGED AND DECREED that the defendant has failed, refused and declined to give to the plaintiff a statement of the profits and/or losses on said West Hanford Street Sewer contract; and has failed and refused to account to the plaintiff for any of the profits thereof, although in open court it was admitted by the defendant that there were profits; and, the court further finding and decreeing that it is necessary in order for the court to make a proper finding and/or decree herein as to the rights of the parties, an accounting should be had.

"WHEREFORE IT IS ORDERED AND DECREED that William G. Long, a member of the bar of this court be and he is hereby appointed referee herein to take an accounting for the purpose of ascertaining the total profit of the entire West Hanford Street Sewer project under said contract with the city of Seattle, for the Improvement of Division No. 1 and No. 2 of West Hanford Street et al. under ordinance No. 54960, Local Improvement District No. 4751, which contract was awarded to George Nelson on the 10th day of August, 1928, or thereabouts; to further ascertain the amounts and dates of advancement of capital, and withdrawals thereof; the amount of capital in the project from time to time, and the interest paid thereon if borrowed and to make full return thereof to this court as provided by law, at which time a hearing will be held wherein additional testimony may be received to ascertain the proportionate part of the total profit for the entire project which might be properly allocated if upon reflection, the court entertains the view that under the law and the facts the partnership was dissolved prior to the completion of the contract. Compensation of referee to be fixed by court by stipulation; it is further

"ORDERED, CONSIDERED AND ADJUDGED that by the entry of this order at this time directing a reference to take an account the court does not at this time make any definite finding of the court as to the date of the termination of the partnership relation so far as the West Hanford Street Sewer contract is concerned; and it is further

"ORDERED, CONSIDERED AND ADJUDGED that a super-

sedeas bond is fixed by this court to supersede the foregoing order *if appealable* in the amount of twenty-five thousand dollars ($25,000).

"Exceptions allowed.

"Done and ordered in open court this 18th day of August, 1933. ROBERT S. MACFARLANE,
 "Judge."

From this order, defendant has appealed to this court.

 Respondent moves to dismiss the appeal, contending that the order above set forth is not appealable, and the matter is before us upon this motion.

Appellate procedure is of course purely statutory. An order is or is not appealable, as it does or does not fall within the statutory classification. Rem. Rev. Stat., § 1716.

Appellant argues that the order in question finally determines that the parties to this action formed a co-partnership, and that the order of which he complains should therefore be subject to review on appeal. In support of his contention, appellant cites many authorities from other jurisdictions and two decisions of this court. We have examined the opinions of other courts cited by appellant, and find that they are not controlling here, either because the procedural laws of the respective jurisdictions in question differ from ours or because the facts are dissimilar to those here presented.

Appellant also cites the case of *Bennett v. Thorne,* 36 Wash. 253, 78 Pac. 936, 68 L. R. A. 113, in which it was held that an order assessing stockholders of an insolvent banking corporation on their statutory liability and directing that notice be given was appealable. The order was entered in an action in which a receiver had been appointed for the bank, and after a hearing upon a petition filed by the receiver stating the condition of

the insolvent and praying that the court ascertain the amount necessary to be collected from each stockholder and that an assessment be made. The appellant stockholders had appeared and pleaded to the receiver's petition, the order of which they complained having been entered after a full hearing. This court held that the order was final, at least as to all parties regularly before the court, and that the order was appealable. The facts in the case cited differ materially from those in the case at bar, and the opinion does not support appellant's contention here.

In the later case of *In re Hemrich's Estate,* 113 Wash. 667, 194 Pac. 569, this court held that an order entered in a probate proceeding fixing executors' compensation was appealable. The order was entered after a hearing upon the executors' final account and the appellants' written objections thereto, in which objections they raised only the question of compensation allowed. This matter was finally disposed of by the order, after a hearing in which the interested parties were all before the court, and the order was clearly appealable.

In the case at bar, the order recites the argument of counsel and an oral announcement of opinion by the court; that, thereafter, the matter was argued, after which the court rendered a memorandum opinion. The order then proceeds to find that plaintiff and defendant, during the month of September 1928, formed a copartnership which prosecuted certain work, resulting in profit. The order then proceeds to appoint a referee to take an accounting for the purpose of ascertaining the profit and certain other matters in connection with the subject to be determined by the final judgment, and directs that, upon return of the referee's report,

" . . . a hearing will be held wherein additional testimony may be received to ascertain the proportionate part of the total profit for the entire project which might be properly allocated if upon reflection, the court entertains the view that under the law and the facts the partnership was dissolved prior to the completion of the contract."

The order further expressly provides that the court, at the time of the entry thereof, made no definite finding as to the date of the termination of the partnership relation so far as one of the city contracts was concerned.

Manifestly, this order is not a final determination of the action or of any of the rights of the parties. The matter of the existence of the partnership relation may be further considered, as the court may, if it desires, reopen the case and receive further evidence upon that phase of the controversy. Doubtless, it would be convenient for appellant if the matter of the existence of the partnership could be definitely determined at this time, but appellate procedure is governed by statute, and is not subject to readjustment to suit the convenience of parties to litigation.

In many states, an order overruling a demurrer is appealable, and, of course, if the appellate court should hold that a demurrer which the trial court overruled should have been sustained, the litigation is ended and a trial avoided. Under the statutes of this jurisdiction, however, such an order is not appealable, and if the party interposing a demurrer desires to stand thereon, he must submit to a judgment against him, which, if sustained on appeal, determines the question finally, without an opportunity for trial of the facts.

The following authorities support our conclusion that the order appealed from can not be held to be a final adjudication of the rights of the parties: *Mc-*

*Gourkey v. Toledo & Ohio Central Ry. Co.,* 146 U. S. 536, 36 Law Ed. 1079; *Wells v. Shriver,* 81 Okla. 108, 197 Pac. 460; *Foreman v. Riley,* 88 Okla. 75, 211 Pac. 495; *Garner v. Prewitt,* 32 Ala. 13.

No statement of facts is before us, the question to be determined depending only upon the transcript of the record.

We are clearly convinced that the order sought to be reviewed is not, under the statute, appealable, and the appeal is accordingly dismissed.

Blake, Main, Mitchell, and Steinert, JJ., concur.