THE CITY OF MARION v. GANBY ET AL.

1. **Arbitration**: PROCEEDING TO CONDEMN LAND FOR STREET: CODE, § 3419. A proceeding begun in the circuit court, under § 476 of the Code, to condemn land for the extension of a city street, is a "suit" within the meaning of § 3419 of the Code, and may be submitted to arbitrators, by order of the court, upon agreement of the parties.

2. ——: SUIT BEGUN: WRITTEN AGREEMENT NOT NECESSARY. Section 3417 of the Code, requiring an agreement to arbitrate to be in writing and signed and acknowleged by the parties, does not apply to suits already begun.

3. **Practice in Supreme Court**: QUESTIONS NOT RAISED BELOW, AND AS TO WHICH EVIDENCE IS NOT OF RECORD, NOT CONSIDERED.

*Appeal from Linn Circuit Court.*

FRIDAY, DECEMBER 18.

THIS is a proceeding under the statute to condemn certain land for the purposes of a street. The cause was referred to arbitrators, and upon their report a judgment condemning the land was entered. Defendant Susan Breneman alone appeals.

*Geo. W. Wilson,* for appellant.

*David Smyth,* for appellee.

Beck, Ch. J.—I. The plaintiff, being desirous of extending one of its streets, filed its petition in the circuit court, under authority conferred by Code, § 476, asking the condemnation of certain land therein described. The defendants were served with notice, and appeared, and entered into a written agreement, by their attorneys, with the plaintiff, to the effect that the case should be tried by "arbitrators," to be selected by agreement, who should be "the judges both of law and fact connected with the case." Other agreements as to the place of trial, the persons selected to try the case, etc., were entered into. They need not be more particularly referred to. The persons selected by the parties tried the case, and made report to the circuit court, upon which a judgment of condemnation was made. The damages awarded being paid by plaintiff into court, an order issued directing the sheriff to deliver possesssion of the land to plaintiff. Various objections are made by appellant to the proceedings, which we will consider in the order of their discussion by her counsel.

II. An objection is based upon the ground that this is a special proceeding, and that, as only *actions* are subjects of

1. ARBITRA-
TION : pro-
ceeding to
condemn
land for
street: code,
§ 3419.

arbitration under Code, § 3416, the case was unlawfully sent to the arbitrators. It is not necessary to determine the meaning of the word "action" as used in the section cited. Code, § 3419, provides that a "suit" may be submitted to arbitrators, by order of the court, upon the agreement of parties. The term "suit" is more comprehensive in its signification than the word "action;" extending to any proceeding, in a court of justice, seeking a remedy which the law affords, and to any legal application to a court for justice. See Bouv. Law Dict.; Webst. Dict. This proceeding is a *suit*, and, under the section of the Code just cited, may be submitted to arbitration.

III. Counsel insist that, as Code, § 3417, requires a written agreement to be signed and acknowledged by the parties

2. ——: suit
begun : writ-
ten agree-
ment not
necessary.

to authorize an arbitration, which was not done, the arbitration was not authorized. But this provision is applicable to controversies in which

no action has been commenced. Code, § 3414, is applicable to controversies in which suits have been commenced, and does not require a written instrument to be signed and acknowledged by the parties. It was therefore not necessary.

IV. Counsel maintain that appellant did not appear by counsel in the case, and that attorneys representing her were not by her employed. The affidavits filed upon a motion to vacate the judgment establish the contrary,—that she was represented by counsel retained by her, who agreed to the reference of the case to the arbitrators.

V. It is claimed that the report of the arbitrators does not show that appellant was a party to the suit, and it is argued that for this reason her rights were not settled by the award. Appellant's name does not appear in the title of the suit, as given in the report of the arbitrators, which states, with sufficient clearness, the amount of the damages assessed by them. It appears that the circuit court regarded the report as pertaining to this case, and rendered judgment upon it. The objection under consideration was not made in the court below. It cannot be first made here.

3. PRACTICE in supreme court: questions not raised below, and as to which evidence is not of record, not considered.

VI. Various objections—as that the arbitrators did not examine the premises; that the land taken was a part of defendant's homestead, upon which her dwelling is situated; that the arbitrators heard the case upon a day not agreed upon; and others of like character—are urged by counsel for defendant. As the record does not contain the evidence upon which the case was presented to the arbitrators, we cannot consider the objections, which are based upon facts assumed by counsel to have been disclosed upon the trial. The only testimony before us consists of affidavits in support of the motion to vacate the judgment. The motion, we think, was rightly overruled, in view of the facts disclosed by the record and affidavits before the circuit court.

THE SAME.

VII. The award of the arbitrators permits defendant to remove her buildings from the land. Counsel insist that this

THE SAME.

fact shows that the arbitrators awarded defendants damages based upon the value of the land, excluded the damage to the improvements. The objection, if it were supported by the record, possibly would be well taken. But we cannot determine upon what basis the award was found. We cannot say that the condition as to the removal of the improvements may not be favorable to defendants, or it may have been based upon sufficient evidence before the arbitrators, or agreement of the parties. The foregoing discussion disposes of all questions in the case.

AFFIRMED.