# IN THE MATTER OF THE ESTATE OF JOHN D. REESE, DECEASED.

APPEAL.—PROBATE COURT.—RULE OF SUPREME COURT.—The rule of the supreme court, made in pursuance of the Poland Bill provided that any party entitled by reason of a personal interest to ask for or to oppose any judgment or decree in the probate court, may appeal from the judgment or decree adverse to his interest to the district court; *held* that appellants, who had an interest in the estate, could appeal from an order refusing to remove an administratrix of the estate, and revoke the letters of admin·stration.

ID.—APPEAL FROM PROBATE COURT.—JUDGMENT ROLL.—*Semble* that on appeal from the probate court to the district court, no bill of exceptions is necessary, but the record consists of all the papers in the probate court having connection with the order appealed from, which papers continue to be the judgment roll

on appeal from the district court to supreme court without being incorporated in any bill of exceptions, following *Estate of Moulton, ante.*

APPEAL from an order of the district court of the fourth district, dismissing an appeal from the probate court, Hon. James A. Miner, judge. The opinion states the facts except the following: There was no bill of exceptions taken or statement upon motion for new trial made in the district court. In the transcript on appeal there were set out the petition of Alvira Reese for letters filed in probate court April 26, 1881, proofs of posting notices and order appointing administratrix made May 9, 1881, bond and letters of administration filed and issued June 8, 1881, inventory and appraisement filed June 22, 1881, decree setting apart property for use of the family filed June 22, 1881, petition of Hilda Reese filed July 22, 1892, making charges against administratrix, also petition of Mary Reese, widow of deceased, praying for removal of administratrix, and that she be appointed administratrix, order denying petitions of said Hilda and Mary Reese filed September 26, 1892, notice of appeal to fourth judicial district filed September 30, 1892, appealing from judgment made September 26, 1892, and every other judgment and order made therein designating each by date of filing, undertaking for damages and costs in sum of $300 filed September 30, 1892. All above papers were filed in the district court October 1, 1892.

On January 28, 1893, Alvira Reese moved to dismiss the appeal because the same was frivolous and without merit, and because time for appealing had expired. On February 14, 1893, the court ordered that said appeal be dismissed. Notice of appeal therefrom to the supreme court was filed March 9, 1893. All the foregoing papers were certified to the supreme court.

*Messrs Jones and Jones,* and *Messrs. Kimball and Allison,* for the appellant.

*Messrs. Hunsaker and Hunsaker,* and *Messrs. Maloney and Perkins,* for the respondent.

·There is no assignment of errors or specification of errors, there is no statement or bill of exceptions, and the appeal is too late. There is no appeal from an order refusing to remove an administrator. *Estate of Montgomery,* 55 Cal. 210; *Estate of Keane,* 56 Cal. 407. There being no bill of exceptions, there is nothing to review but the order appealed from, in which no error appears. *Lowell* v. *Parkinson,* 6 Utah, 64; *Wash* v. *Hutchins,* 60 Cal. 228.

BARTCH, J.:

Alvira Reese, the daughter of John D. Reese, deceased, was appointed administratrix of his estate on May 9, 1881, and continued as such ever since. In July, 1892, the appellants filed charges of neglecting the administration of the estate, etc., against her, in the probate court of Box Elder county, Utah, and asked for her removal from office, and that letters be granted to appellants. Mary Reese, one of the appellants, was the widow of the deceased. After hearing the case, the probate court dismissed the petitions, and refused to revoke the letters of administration of the respondent. Thereupon the appellants regularly appealed to the district court. On motion of counsel that the appeal was frivolous and without merit, and was not taken in time, the district court dismissed the appeal. From this judgment an appeal was taken to this court.

The question raised is as to whether or not an appeal lies from an order of a probate court in this Territory refusing to remove an administrator, and to appoint another in his place. The act of congress known as the "Poland Bill," approved June 23, 1874, in regard to appeals from probate

courts, provides as follows: "From the judgments of the probate courts, an appeal shall lie to the district court of the district embracing the county in which such probate court is held in such cases and in such .manner as the supreme court of said territory may, by general rules framed for that purpose, specify and designate, and such appeal shall vacate the judgment appealed from, and the case shall be tried *de novo* in the appellate court." This law authorizes appeals from the probate courts, and they may be taken in such cases and in such manner. as the supreme court may, by general rules, specify and designate.

Rule 24 of the supreme court provides as follows: "Any party entitled, by reason of a personal interest, to ask for or to oppose any judgment or decree in the probate court, may appeal from the judgment or decree made by the court, adverse to him or his interest, to the district court of the judicial district embracing the county where such probate court is held," etc. From the record it appears that the appellants had an interest in the estate of the deceased as heirs at law, and therefore came within the above rule. They alleged in their petition to the probate court that five pieces of real estate belonging to the estate had, never been reduced to the possession of the administratrix, and were becoming lost to the estate; that, on a lot valued at $4,000, she had suffered waste and mismanagement, and the rents were lost to the estate; and that she had failed to render for settlement and allowance any account of her administration, and, for a period of nine years, to perform any act as administratrix, etc. For these reasons they asked that the letters of the administratrix be revoked, and that appellants be appointed in her place. The charges preferred against her were of a serious character, affecting the rights of the petitioners, and, if proved to be true, were sufficient cause for removal. The probate court heard the case, and dismissed the petitions. In doing this, that court

made a final order, from which an appeal lay, and we are
of the opinion that the district court erred in dismissing
it.   The California cases cited by counsel for respondent
are not in point.   In that state the Code enumerates the
orders from which appeals may be taken, and an order
denying a petition to revoke letters of administration is
not included in the list.   Counsel for respondent contend
that the rules of this court as to assignments of errors,
etc., have been disregarded, and therefore this appeal should
be dismissed.   We think the questions of law and the
decision of the trial court are sufficiently presented in the
record to comply with section 3647, Comp. Laws Utah
1888, which applies to this class of cases.   The judgment
is reversed, and the case remanded to the district court,
to be tried *de novo*.

ZANE, C. J., and SMITH, J., concurred.