## JOHNSON CLARK v. JACOB F. MILLER *et al.*

### No. 12,592. (68 Pac. 1071.)

#### SYLLABUS BY THE COURT.

1. WILLS—*Attestation.* Under the statutes of Kansas, a will to be valid must be attested and subscribed by two competent witnesses.

2. ——— *Devisee an Incompetent Witness.* A devisee in a will is not a competent witness to the will. He must either relinquish the devise and thus become a competent witness, or the will must be proved by two other competent attesting witnesses. One cannot be devisee and witness at the same time.

Error from Miami district court; JOHN T. BURRIS, judge. Opinion filed May 10, 1902. Affirmed. Reaffirmed *in banc* November 8, 1902; SMITH, J., dissenting.

*Hutchings & Keplinger*, and *Hollis & Fidler*, for plaintiff in error.

*E. J. Sheldon*, and *B. F. Simpson*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action to contest the will of E. C. Miller, deceased, and to set aside the order of the probate court admitting it to probate.

The defendant in error, Jacob F. Miller, was the brother and sole heir of the deceased. The other defendant in error, William Crowell, had been appointed administrator and has otherwise no interest in the action. The petition charged that the will was invalid for several reasons ; among them, that it was not executed in the manner provided by law, in this, that it was not attested and subscribed in the presence of the testator by two or more competent witnesses.

By the terms of the will, the testator devised his property, amounting to about $25,000, in equal shares, to the plaintiff in error, Johnson Clark, and the defendant in error, Jacob F. Miller. It was written by said Clark and witnessed by himself and his wife and none other. On the trial it was admitted that the Johnson Clark who witnessed the execution of the will was the same Johnson Clark to whom the devise of one-half of the property was made by it, and that the other witness was his wife. Some other evidence besides this admission was introduced by the plaintiff. The defendant offered several items of evidence, among which was the deposition of the wife of Clark, which was rejected by the court, and the court found that the will had not been legally executed, and rendered judgment for the plaintiff.

There is much discussion as to the question whether Mrs. Clark was a competent witness to the will, being the wife of one of the devisees, but our view of the case renders it unnecessary to follow this discussion or decide the question.

Section 2 of our act concerning wills (Gen. Stat. 1901; § 7938) provides that every last will and testament, except nuncupative ones, must be signed by the party making the same, or by some person in his presence and by his express direction, and be attested

and subscribed by two or more competent witnesses. It is as essential that the writing be subscribed by at least two competent witnesses as it is that it be signed by the testator, in order to be a valid will. At common law a devisee under a will could in no case be a competent witness thereto (Under. Wills, 263); so that, if we should go no further than section 2, it is clear that, inasmuch as Clark, being a devisee, was not a competent witness, then there was no will, and all of Miller's property would go to his heirs—in this case, to his brother, Jacob F. Miller.

But section 11 of the act (Gen. Stat. 1901, § 7947) provides:

"If a devise or bequest be given to a person who is a witness to the will, and the will cannot otherwise be proved than by the testimony of such witness, the devise or bequest shall be void, and the witness shall be competent to give testimony of the execution of the will in like manner as if such devise or bequest had not been made."

This provision changes the common-law rule in so far as that one named as a devisee in the will may become a witness thereto to the extent of sustaining other devises contained in the will. He is still, however, an incompetent witness, so far as any devise to himself is concerned. A devisee can take nothing under a will witnessed only by himself and another, for, as to such devise, there are not two competent witnesses, and, therefore, so far as it is concerned, no will. In this case there was no devise to Johnson Clark, because there were not two competent witnesses to that part of the will. Clark could take nothing under a will witnessed by himself. To be sure, under the statute quoted, he was a competent witness as to the other devises contained in the will, but, as by the will what did not go to Clark went to the brother, Jacob F.

Miller, and as Clark could take nothing under the will, therefore, Jacob F. Miller took the entire estate either with or without the will, and as Clark took nothing by the will, he could not be prejudiced by any erroneous rulings made by the court below. In other words, the admission that Clark, the devisee, and Clark, the witness, were one and the same person was but the admission that he had no interest whatever in the estate, and that in this case the brother was the sole owner.

The judgment of the court below in favor of Miller, the defendant in error, was correct, and will be affirmed.

GREENE, POLLOCK, JJ., concurring.

SMITH, J., dissenting.