JOHN DEAN et al., as Executors, etc., v. JOHN SWAYNE.

No. 13,163.   ( 72 Pac. 780.)

SYLLABUS BY THE COURT.

WILLS—Contest—Jurisdiction—Limitation of Action.   The district court has exclusive jurisdiction in actions to contest wills, and such actions must be brought within two years from the probating of the will.   The proceeding in this case was an attempt to contest the will and the probate court had no jurisdiction thereof.

Error from Franklin district court; C. A. SMART, judge.   Opinion filed June 6, 1903.   Reversed.

Benson & Harris, and Thomas J. White, for plaintiffs in error.

Deford & Deford, and Stevens, O'Brien, Cole & Albrecht, for defendant in error.

The opinion of the court was delivered by

GREENE, J. :  John Swayne died in Franklin county May 15, 1898, leaving a will by which he devised all of his property to his sister, Ann Swayne, who was at the time of her death, and for many years previous thereto had been, a sister of the order of the English

16—67 KAN.

Congregation of Saint Catherine of Sienna of the Third Order of Saint Dominic, of Stone, Staffordshire, England, and was known as Sister Mary Lidwina. The will provided that in case of the death of Ann Swayne before that of the testator all of the property of which he should die seized should descend to, and become invested in, the order of sisters to which Ann Swayne belonged, such bequests being made to said order of sisters in consideration of the care and kindness which had been rendered by them to the testator's mother for many years previous to, and at the time of, her death. Ann Swayne died before the testator. The will was admitted to probate and letters testamentary issued thereon June 1, 1898.

On March 15, 1901, nearly three years after the will was probated, one John Swayne filed a motion in the probate court in which he alleged that he was the nephew and only heir at law of the deceased testator; that the devise to said order of sisters was invalid, illegal, inoperative, and void, because of the uncertainty of the beneficiary or beneficiaries intended by said testator to take under the devise, and asked that the executors be ordered to make final settlement and pay over to him as such heir of the testator all of the estate. The executors and legatee filed a motion to strike this motion from the files, which latter motion was sustained by the court. From this order Swayne appealed to the district court, which overruled the order of the probate court, striking Swayne's motion from the files, and reinstated the motion and application. To this order the executors and legatee objected and excepted, and prosecute error to this court.

It is the contention of the plaintiffs in error that the application by John Swayne was a proceeding to contest the will, and that the probate court has no

jurisdiction of such proceeding: (1) Because the exclusive authority to entertain proceedings to contest wills is by law conferred upon the district court; (2) that the will having been duly probated more than two years previous to the institution of such proceeding the statute of limitations had barred all right to institute a contest proceeding. Section 7957, General Statutes of 1901, reads:

"The mode of contesting a will shall be by civil action in the district court of the county in which the will was admitted to probate, which action may be brought at any time within two years after the probate of the will, and not afterwards, by any person interested in the will or estate of the deceased."

It is very clear to us that the object sought by Swayne in his application was to set aside the will because of the uncertain description of the beneficiaries and to have the property of the testator turned over to him as heir at law. The argument of counsel for defendant in error in his brief is:

"But Mr. Swayne does not now, and never did, attack the validity of the will. His position is, and always has been, that if the sister of the testator is dead then the property descends to him as heir at law for the reason that the bequest to the order of sisters in England is invalid and inoperative."

Before the defendant in error can take, it must first be determined that the bequest to the order of sisters is invalid and inoperative. The application stated that the will was invalid, illegal, inoperative and void, and the defendant in error sought to have the probate court so declare. If, as said by counsel, the will is valid, then the defendant in error takes nothing. Until its invalidity is declared by a court of competent jurisdiction he cannot inherit.

We are of the opinion that this was a proceeding to

contest the will, and under the section above quoted the probate court had no jurisdiction to hear or decide this motion. The statute above quoted gives the district court exclusive jurisdiction of actions brought to contest wills and limits the time within which such actions may be brought to two years from the probating of the will.

For the reasons above stated the judgment of the court below is reversed, with instructions to dismiss the appeal.

All the Justices concurring.