JOHN B. LANNING v. MARY GAY *et al.*

No. 13,835.   (78 Pac. 810.)

SYLLABUS BY THE COURT.

1. WILLS—*Testimony of Husband of Legatee.* A husband who is
one of the subscribing witnesses to a will is not disqualified
from giving testimony before the probate court to establish its
due execution because of the fact that his wife is a legatee.

2. ——— *Husband and Wife as Witnesses—Statute Construed.*
The provisions of section 4771, General Statutes of 1901, which
render a husband or wife incompetent to testify for or against
each other in an action, except in certain specified cases, do not
disqualify a husband from testifying before the probate court in
a proceeding to establish a will in which his wife is named as
legatee.

3. PRACTICE —*Actions and Special Proceedings Distinguished.* The
distinction between actions and special proceedings noted.

Error from Clay district court; SAM KIMBLE, judge.
Opinion filed December 1, 1904.   Affirmed.

*Coleman & Williams,* for plaintiff in error.

*F. P. Harkness,* and *Valentine, Godard & Valentine,*
for defendants in error.

The opinion of the court was delivered by

SMITH, J. : The question involved in this proceed-
ing in error is whether or not the husband of a legatee
in a will is a competent witness to its execution.   The
point was raised in the district court in an action
brought by the father and sole heir at law of the tes-
tatrix, to contest her will, under section 7957, General
Statutes of 1901, after it had been admitted to probate
in conformity with the requirements of section 7952,
General Statutes of 1901.   The law respecting the at-
testation of wills reads :

"Every last will and testament . . . shall be
in writing, and signed at the end thereof by the party

making the same, or by some other person in his presence and by his express direction, and shall be attested and subscribed in the presence of such party by two or more competent witnesses, who saw the testator subscribe or heard him acknowledge the same." (Gen. Stat. 1901, § 7938.)

The contention of counsel for plaintiff in error against the validity of the will is based upon the statute respecting the competency of witnesses, found in the civil code. The relevant part of section 4771, General Statutes of 1901, reads:

"The following persons shall be incompetent to testify: . . . *Third:* Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have joint interest in the action."

The disqualification has relation to witnesses in an action. An action is thus defined:

"An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Gen. Stat. 1901, § 4432.)

"Every other remedy is a special proceeding." (Gen. Stat. 1901, § 4433.)

The nature of a proceeding in the probate court to admit a will to probate received attention in the late case of *Hospital Co. v. Hole*, 69 Kan. 616, 77 Pac. 537. It was there said:

"This hearing is conducted in a somewhat informal manner and without notice or pleadings. The order which may be entered is either for the admission to probate of the will or the denial thereof. If the former, such order may be attacked at any time within two years in the district court in an action for that purpose by any person interested in the will or estate

of the deceased. If the latter, an appeal may be had to the district court, where the order of trial, the character and burden of the proof, the same informality of procedure, will be had as before the probate court, the district court having only such powers and pursuing such procedure on appeal as the probate court. All these matters will be found discussed in the case of *Lawrie v. Lawrie*, 39 Kan. 480, 18 Pac. 499. In both courts the procedure is of the most informal and perfunctory character, and when a *prima facie* case is made upon the several points as to validity of execution, testamentary capacity, and freedom from illegal restraint, the order of admission should be made, leaving for the more formal and regular proceedings provided by section 20 of the wills act (Gen. Stat. 1901, § 7957) the contest of the nicer and more difficult questions, a contest in which issues are duly formed, evidence properly produced, the machinery found for obtaining a jury should one be ordered. Upon the application to admit to probate a party interested in having the application denied, may not as a matter of right, demand the examination of his witnesses in opposition. Just to what extent this preliminary examination ought to go it is difficult in any one case to say ; it can be said, however, that it is not a contest ; that is left for another proceeding in another forum. In the rough, it is probably sufficient to say that it should go only to the extent that a *prima facie* case is made in favor of the validity of the will.''

There is a wide distinction between a proceeding to admit a will to probate, informal and summary in character, and an action which must be commenced by filing a petition and causing a summons to issue thereon. (Gen. Stat 1901, § 4487.) The word ''action'' is more limited in scope than the word ''suit.'' (*Ulshafer v. Stewart*, 71 Pa. St. 170 ; *Cornish v. The Milwaukee & Lake Winnebago R. R. Co.*, 60 Wis. 476, 19 N. W. 443 ; *The City of Marion v. Ganby et al.*, 68 Iowa, 142, 26 N. W. 40.)

The distinction between actions and special proceedings, under the code, is pointed out at page 721 of the Cyclopedia of Law and Procedure. The separate classification of actions and special proceedings in our statutes has led counsel for plaintiff in error to say in their brief that "the civil action in the district court to set aside the will is, to all intents and purposes, an appeal from the decision of the probate court, and is, in fact, a continuation of that proceeding just as much as a case on appeal from a justice's court is a continuation of the case appealed." The cases of *Hospital Co. v. Hale, supra,* and *Dean v. Swayne,* 67 Kan. 241, 72 Pac. 780, do not support this contention.

The present controversy did not arise in a contested action brought in the district court, but is narrowed down to the question whether or not the husband who is a subscribing witness to a will in which his wife is a legatee is competent to testify in the informal proceeding wherein the will is admitted to probate.

The policy of our law is to break away from the disqualifying restrictions anciently imposed upon witnesses by reason of interest. The same may be said of disqualifications arising from marital relations. In *Higbee v. McMillan,* 18 Kan. 133, 138, it was said :

"The law has abolished interest as a bar to competency of the witness ; and considering the other liberal legislative provisions regarding the testimony of married parties, for and against each other, the prohibition contained in said subdivision third of section 323 [Gen. Stat. 1901, § 4771] should only apply where the letter of the law makes the same indispensable."

Again, some weight must be given to the fact that in the act which makes provision for the attestation and proof of wills persons in the position of the witness in this case are nowhere declared to be incompetent.

Lanning v. Gay.

There is a provision, however, that devisees or legatees forfeit their legacies if the will cannot be proved except by their testimony, and they are thus qualified to testify. (Gen. Stat. 1901, § 7947 ; *Clark v. Miller*, 65 Kan. 726, 68 Pac. 1071.)

When investigating the question involved we must stand in the light of the previous expressions of this court, that the statute rendering husband and wife incompetent to testify for or against each other in any action "should only apply where the letter of the law makes the same indispensable." (*Higbee v. McMillan*, *supra.*)

If the probate of a will were had by action such as the law prescribes for its contest, an adversary proceeding in which all parties are entitled to be heard as of right, we might conclude that the letter of the statute relating to the competency of witnesses in civil actions disqualifies a husband to testify in support of the will. However, as we have shown, the nature of the proceeding in the probate court to establish a will is such that it does not come within the category of civil actions, but must be classed as a special proceeding, although the latter is not defined in the statute.

The other witness, Mr. Stackpole, was not disqualified. On the claim of undue influence the court below found, on the testimony, against the plaintiff in error. We cannot disturb its findings.

The judgment of the court below is affirmed.

All the Justices concurring.

OPINION ON PETITION FOR REHEARING.

*Per Curiam:* Counsel for plaintiff in error, in their petition for rehearing, assert that the only question involved in the proceeding in error was whether plain-

tiff below was estopped, by accepting a legacy, from contesting the will. They say that the question whether the will was void by reason of the husband's being a witness was not before this court. In the brief of counsel for plaintiff in error there are ten printed pages devoted to the question of the competency of Frank V. Gay as an attesting witness to the will, with many authorities cited. Again, counsel for plaintiff in error in their reply brief took up the question of the disqualification of the husband and wife to testify for or against each other, and cited authorities. The question was argued orally by both parties, and the court considered it as properly involved.

We have gone over the record again and think that the second conclusion of law—that Lanning was estopped, by accepting a legacy, from raising the question of insufficiency of the attestation and probate of the will—is sustained by the evidence. The law would not permit a legatee, with the knowledge possessed by Lanning of the circumstances surrounding the attestation of the will, to accept a legacy under it and afterward attack its sufficiency, after tendering back what he had received.

The petition for rehearing is denied.