[Civ. No. 505.   First Appellate District.—July 28, 1908.]

## JOHN FOCHA et al., Appellants, v. ESTATE OF FRANK J. FOCHA, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL AFTER PROBATE— DELAY IN CITATION—LACK OF DILIGENCE—DISMISSAL.—Where a petition for the revocation of a will after probate was filed only three days before the expiration of the year after probate, and citation was delayed more than six months thereafter, a *prima facie* case of lack of diligence in the prosecution of the contest appears, which furnishes ample ground for the dismissal of the petition.

ID.—SPEEDY ADMINISTRATION REQUIRED.—The law contemplates a speedy administration and settlement of estates.

APPEAL from an order of the Superior Court of Alameda County dismissing a petition to revoke the probate of a will. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

R. E. Hewitt, for Appellants.

D. Kinsell, for Respondent.

KERRIGAN, J.—This is an appeal from an order dismissing a petition to revoke the probate of a will for lack of prosecution.

Frank J. Focha died, leaving a will, which was probated November 27, 1905. On November 24, 1906, John Focha and others filed a petition for the purpose of procuring the revocation of the probate of said will, but no citation was issued at that time, or at any time thereafter, to the executrix or to any other person. May 17, 1907, the executrix filed a motion to dismiss the petition, upon the ground that there had been an unreasonable delay in its prosecution.

The Code of Civil Procedure (section 1327) provides that a contest of the probate of a will may be commenced by filing a petition in writing "at any time within one year after such probate." The next section, as it existed at the time of these proceedings and prior to the amendment of 1907, provided that a citation must be issued to certain named parties, but mentions no specified time within which it must be issued; and appellant contends that a citation might issue at any time within one year after the filing of the petition for revocation. In support of this contention he cites the case of *Bacigalupi* v. *Superior Court,* 108 Cal. 92, [40 Pac. 1055], where it is said that "A citation in its general character is a summons, and under the provisions of the code, giving section 1328 the widest latitude possible, the power to issue a citation would beyond all question cease one year after the petition for revocation was filed." But the court also added: "Whether it would cease in less than a year we need not here decide." That case, notwithstanding the language just quoted, is authority only to the point that no citation could be issued after the expiration of one year from the filing of the petition. The comparison there made between a citation and a summons was unnecessary for the decision of the case, and the view of the court in that regard was criticised in the case of *San Francisco Protestant Orphan Asylum* v. *Superior Court,* 116 Cal. 446, [48 Pac. 379].

Respondent relies to some extent upon the case of *Estate of Sbarboro,* 63 Cal. 5. In the case at bar the petition for revocation of the probate of the will was filed, but three days before the expiration of the year after probate. Neither then nor more than six months thereafter, when the motion to

8 Cal. App.—37

dismiss was granted, had any citation been issued, nor had proceedings of any kind been taken. The law contemplates a speedy administration and settlement of estates. The facts in this case, unexplained as they are, make a *prima facie* case of a lack of diligence on the part of the appellant, and furnished ample ground for the dismissal of the petition.

The order is affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 25, 1908, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 24, 1908.