No. 18,862.

WALLACE LIBBEY, *Appellant*, V. LIBBIE HOLLOWAY,
*Appellee.*

SYLLABUS BY THE COURT.

1. BOUNDARIES AND SURVEYS — *Statute Relating to Costs Repealed.* Section 4 of chapter 177 of the Laws of 1879 was repealed by implication by chapter 89 of the Laws of 1891 (Gen. Stat. 1909, §§ 2275, 2276).

2. SAME—*Taxation of Costs—Discretion of Court.* There being no other express provision of statute for the taxation of costs in the district court upon an appeal from a survey, such costs are taxable, in the discretion of the trial court, as provided by section 615 of the civil code.

Appeal from Pawnee district court; ALBERT S. FOULKS, judge. Opinion filed April 11, 1914. Affirmed.

*G. Polk Cline*, of Larned, for the appellant.

*George W. Finney*, and *Roscoe E. Peterson*, both of Larned, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant does not appear to have obtained any transcript of the stenographer's notes of the testimony and proceedings in this case, as authorized by section 574 of the civil code, nor has he served upon the appellee any abstract as required by section 576, and by Rule 9 of this court. It should be certified and signed as required by *Railway Co. v. Conlon*, 77 Kan. 324, 94 Pac. 148, and should refer to pages of the transcript or record where the statements may be verified. As the case of the appellant is presented, it is impossible for the court to ascertain the facts as to many of the statements in the brief.

There is, however, a judgment for costs presented in the record, and which is not required to be included in

a transcript.    We can, therefore, consider only the question whether there was error in the judgment for costs as claimed by appellant.

The county surveyor had made a survey and filed a report thereof, and an appeal therefrom was taken. Upon a hearing of the appeal the survey was set aside and another surveyor was appointed by the court to make the survey. The second survey was made and a report thereof filed and approved. The appellant contends, correctly, that the adjudication of costs as between the parties to an action was not known at the common law, but each party was left liable for the costs made by himself. Section 2276 of the General Statutes of 1909, however, authorizes a county surveyor to apportion such costs among landowners affected thereby according to their respective interests. Section 4 of chapter 177 of the Laws of 1879 provided for the taxation of costs on appeal from a survey, but, in effect, this section was repealed by the omission thereof in the reenactment of the laws relating to surveys, published' as chapter 89 of the Laws of 1891 (Gen. Stat. 1909, §§ 2275, 2276). See *Dent v. Simpson*, 81 Kan. 217, 105 Pac. 542.

As to the taxing of costs, there being no other statutory direction, the case falls within the provisions of section 615 of the civil code, and the judgment will not be disturbed, under the well-recognized rule, unless the discretion of the court was abused, which we do not find.

The paragraph of appellant's brief beginning and ending on page 42 thereof is stricken from the files. The journal entries show that the case has been fully decided, and the judgment is affirmed.

BENSON, J. (dissenting) : The statutes authorizing official surveys provide for steps in a proceeding, including a request by a landowner, notice to other landowners by the surveyor, a survey by that officer, filing

his report, and an appeal to the district court by any person interested.    (Gen. Stat. 1909, §§ 2254-2275.) Immediately following these provisions, the next section directs that: "The county surveyor shall apportion the cost of the survey among the landowners interested, according to their respective interests." (Gen. Stat. 1909, § 2276.)

While this direction is to the county surveyor, it is manifest that costs made by that part of the proceeding taken in the district court must be taxed there, but the statutory rule of apportionment remains to the termination of the proceeding, which is not completed until the action of the district court is taken upon the appeal, for until then the survey is not final.

The section of the code referred to in the opinion, providing that costs shall be taxed "as in other actions" in the discretion of the court, has no application.   That provision is general and applies only where no other is made.   This is not an action, but a special proceeding. (Civ. Code, § 3; *Lanning v. Gay,* 70 Kan. 353, 78 Pac. 810.)

JOHNSTON, C. J., concurs in this dissent.